967 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mikel MANUEL, Plaintiff-Appellant,
v.
Spencer THOMAS, Defendant-Appellee.
 No. 91-15845.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 24, 1992.*
Decided July 2, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mikel Manuel appeals pro se the district court's dismissal of his action for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Manuel alleged claims for redemption of property under 26 U.S.C. § 6337, civil rights violations under 42 U.S.C. §§ 1983 and 1988, violation of 18 U.S.C. § 876, and various state law torts. Manuel also appeals the district court's denial of his motion for default judgment against Spencer Thomas. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990), and affirm.
 
 
 3
 Mikel Manuel was living on certain real property owned by his mother, Wilma Manuel. Manuel claims that he temporarily left the property on March 3, 1989. On March 15, 1989, the Internal Revenue Service sold the property by public auction to Spencer Thomas, the highest bidder. Thomas took possession of the property, and requested Mikel and Wilma Manuel remove personal property stored on the property, including several automobiles. The Manuels did not respond, and Thomas had the property towed. On June 26, 1989 Mikel Manuel recorded a mechanic's lien on the real property. Manuel filed this action on January 16, 1991.[1]
 
 
 4
 * Default Judgment
 
 
 5
 We review the denial of a default judgment under Fed.R.Civ.P. 55(b) for abuse of discretion. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir.1986). In denying a motion for default judgment, a district court may consider the sum of money at stake, the sufficiency of the complaint, the possibility of prejudice to the plaintiff, and the policy favoring disposition of cases on their merits. See id. at 1471-72.
 
 
 6
 Here, the clerk entered Thomas's default on February 15, 1991. See Fed.R.Civ.P. 55(a). Manuel moved for entry of default judgment on February 20, 1991. Thomas filed a motion to dismiss on February 22, 1991. The district court denied Manuel's motion for entry of default judgment against Thomas. The district court concluded that a default judgment of $4,405,000 against Thomas would be exceedingly harsh, and that Manuel had failed to state any cognizable federal claims against Thomas. See Eitel, 782 F.2d at 1471-72. Further, Manuel failed to show any prejudice as a result of the delay in Thomas's responsive pleading, and the policy in favor of dispositions on the merits weighs against entry of default judgment in this case. See id. Accordingly, we conclude that the district court did not abuse its discretion by denying Manuel's motion for default judgment. See id. at 1471.
 
 II
 Redemption Claim
 
 7
 Manuel brought a claim for redemption of the property pursuant to 26 U.S.C. § 6337. Section 6337 provides owners and others with an interest in property the right to redeem property sold at a tax sale within 180 days of the sale. 26 U.S.C. § 6337(b)(1), (2).[2] The district court dismissed Manuel's redemption claim on the grounds that Manuel did not have standing to bring the redemption claim and the claim was time-barred.
 
 
 8
 Section 6337 provides that property must be redeemed within 180 days after the sale by paying the purchaser the purchase price plus interest. 26 U.S.C. § 6337(b). Here, Manuel did not allege that he paid or attempted to pay the purchase price to Thomas or any IRS officer within 180 days. Because the action was filed more than 180 days after the sale of the property, any redemption right under section 6337 is time-barred. See 26 U.S.C. § 6337(b)(1). Accordingly, the district court correctly dismissed Manuel's claim for redemption.[3]
 
 III
 Civil Rights Violations
 
 9
 Manuel alleged that Thomas violated his constitutional rights by wrongfully taking his property. To state a section 1983 claim, the plaintiff must allege facts showing that a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or federal law. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988). A private person may act under color of state law if he willfully participates in joint action with state officials to deprive others of their constitutional rights, or deliberately cloaks himself with the authority of the state. Taylor v. List, 880 F.2d 1040, 1048 (9th Cir.1989); Howerton v. Gabica, 708 F.2d 380, 384-85 (9th Cir.1983). Before dismissing a complaint, the district court must give a pro se litigant an opportunity to amend, unless it is absolutely clear that the complaint's deficiencies cannot be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 10
 Here, Manuel alleged that Thomas acted under color of state law by purchasing the property at an IRS sale. This allegation fails to establish that Thomas acted jointly with IRS officials or deliberately cloaked himself with state authority. See Howerton, 708 F.2d at 384-85. Thus, the district court correctly concluded that Manuel failed to state a claim for civil rights violations against Thomas because he was a private actor.[4] See Karim-Panahi, 839 F.2d at 624.
 
 
 11
 Manuel also asserts a cause of action under 42 U.S.C. § 1988. Section 1988 provides that state law will govern civil rights violations where the laws of the United States are not adapted to the object, and that attorney's fees are available to a prevailing party. 42 U.S.C. § 1988. Section 1988 does not provide an independent cause of action for civil rights violations. See Moor v. County of Alameda, 411 U.S. 693, 703-04 (1973); Brower v. Inyo County, 817 F.2d 540, 546 (9th Cir.1987), rev'd on other grounds, 489 U.S. 593 (1989). Thus, Manuel failed to state a claim under section 1988.
 
 IV
 18 U.S.C. § 876
 
 12
 Manuel alleged that Thomas violated 18 U.S.C. § 876 by mailing Manuel a threatening letter. Section 876 is a criminal statute which does not provide a private cause of action. Thus, the district court correctly dismissed this claim.
 
 V
 Pendent State Claims
 
 13
 After dismissing all of Manuel's federal claims pursuant to Rule 12(b)(6), the district court dismissed Manuel's pendent state claims for lack of jurisdiction. The exercise of pendent jurisdiction to hear state claims is within the discretion of the federal district court. United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966); Cook, Perkiss & Liehe v. Northern Cal. Collection Serv., 911 F.2d 242, 247 (9th Cir.1990). When federal claims are dismissed before trial, the district court may properly dismiss the pendent state claims as well. Cook, Perkiss & Liehe, 911 F.2d at 247. Thus, the district court correctly dismissed Manuel's pendent state claims. See id.
 
 VI
 Sanctions
 
 14
 Thomas requests sanctions against Manuel for bringing this appeal. This court has discretion to impose damages against litigants, even pro se, as a sanction for bringing a frivolous appeal. Fed.R.App.P. 38; 28 U.S.C. § 1912; Wilcox v. Commissioner, 848 F.2d 1007, 1008-09 (9th Cir.1988) ($1,500 sanction imposed on pro se litigant for bringing a frivolous appeal). An appeal is frivolous if the results are obvious or the arguments of error are wholly without merit. Wilcox, 848 F.2d at 1009. Manuel's claims are wholly without merit. Accordingly, we impose $500 damages as a sanction.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Manuel filed a previous complaint in district court on September 11, 1989. On January 17, 1990, that action was dismissed because Manuel refused to pay filing fees
 
 
 [2]
 26 U.S.C. § 6337 provides:
 (b) Redemption of real estate after sale.--
 (1) Period.--The owners of any real property sold as provided in section 6335, their heirs, executors, or administrators, or any person having any interest therein, or a lien thereon, or any person in their behalf, shall be permitted to redeem the property sold, or any particular tract of such property, at any time within 180 days after the sale thereof.
 (2) Price.--Such property or tract of property shall be permitted to be redeemed upon payment to the purchaser, or in case he cannot be found in the county in which the property to be redeemed is situated, then to the Secretary, for the use of the purchaser, his heirs, or assigns, the amount paid by such purchaser and interest thereon at the rate of 20 percent per annum.
 
 
 [3]
 Because we find that the redemption claim is time-barred, we need not address the issue of whether Manuel had standing to bring a redemption claim under section 6337
 
 
 [4]
 The district court also concluded that Manuel failed to state a section 1983 claim because the alleged actions were under color of federal law, not state law. Because Manuel was proceeding pro se, we may construe his complaint as alleging a civil rights violation against federal actors under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). Nevertheless, Manuel failed to state a claim under Bivens because, under the same analysis, he did not show that Thomas was acting under color of federal law. See Fonda v. Gray, 707 F.2d 435, 438 (9th Cir.1983)